**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)*   **24-**                Chapter   **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **New rue21, LLC** | |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **rue21, inc. ("rue21")** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **82-2784521** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **88 Commonwealth Drive** <br> **Warrendale, PA 15086** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Allegheny** <br> County | **Location of principal assets, if different from principal place of business** |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | **www.rue21.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: |

Debtor    **New rue21, LLC**
_____
Name

Case number (*if known*)    **24-**

---

**7.   Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**4481**

---

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No.

☒ Yes.

| | | | | |
|---|---|---|---|---|
| District | Western District of Pennsylvania | When | 05/15/2017 | Case number | 17-22045 (GLT) |
| District | | When | | Case number | |

---

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | **See Schedule 1** | Relationship | **Affiliates** |
| District | **Delaware** | When | Case number, if known |

---

Debtor   **New rue21, LLC**                                                Case number *(if known)*   **24-**
         _____
         Name

---

**11.  Why is the case filed in** *this district?*    *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency  _____
         Contact name     _____
         Phone            _____

---

■ **Statistical and administrative information**

**13.  Debtor's estimation of available funds** .    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14.  Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15.  Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16.  Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor  **New rue21, LLC**                                              Case number (*if known*)  **24-**
_____
Name

| | |
|---|---|
| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **05/02/2024**
MM / DD / YYYY

**X**  **/s/ Michele Pascoe**                           **Michele Pascoe**
Signature of authorized representative of debtor        Printed name

Title  **Interim Chief Executive Officer**

**18. Signature of attorney**

**X**  **/s/ Edmon L. Morton**                     Date  **05/02/2024**
Signature of attorney for debtor                         MM / DD / YYYY

**Edmon L. Morton**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-571-6600**      Email address  **emorton@ycst.com**

**3856 DE**
Bar number and State

## **ATTACHMENT A TO VOLUNTARY PETITION**

**1. Pending Bankruptcy Cases Filed by Affiliates of the Debtor**

Concurrently herewith, each of the affiliated entities listed below, including the Debtor filing this petition (the "Debtors"), filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

| |
|---|
| New rue21 Holdco, Inc. |
| r21 Holdings, Inc. |
| New rue21 Intermediate, Inc. |
| New rue21, LLC |
| r services llc |
| New RSC, LLC |

Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that this Court jointly administer their chapter 11 cases for procedural purposes only.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RUE21 HOLDCO, INC., *et al.*,[1] | Case No. 24-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

Set forth below is the list of creditors that hold, based upon information presently available and belief, the thirty (30) largest unsecured claims (the "Top 30 List") against New rue21 Holdco, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"). This list has been prepared based upon the books and records of the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31); or (2) secured creditors, including those creditors with a right to setoff under applicable law, unless the value of the collateral (or amount entitled to be offset) is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation, (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed, or subject to a setoff; or (b) the listing of any claim as unsecured neither constitutes an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor constitutes a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

[List appears on next page]

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, are New rue21 Holdco, Inc. (4668), r21 Holdings, Inc. (1618), New rue21 Intermediate, Inc. (9166), New rue21, LLC (4521), New RSC, LLC (4690), and r services llc (9425). The Debtors' headquarters is located at 800 Commonwealth Drive, Warrendale, PA 15086.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td>New rue21 Holdco, Inc., et. al.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of  Delaware<br>(State)</td></tr>
<tr><td>Case number (If known):</td><td>24 -</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.[1]

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Hybrid Promotions, LLC<br>10700 Valley View St<br>Cypress, CA 90630 | Attn: Stephen Sheer<br>Phone: (714) 952-3866<br>Email: ssheer@hybridapparel.com | Trade | | | | $4,432,966.27 |
| 2 | Mark Edwards Apparel, Inc.<br>848 Rue Jeanne-Mance<br>Montreal, QC H2P 1L5, Canada | Attn: Marla Kurtzman<br>Phone: (514) 388-2353<br>Email: marla.kurtzman@markedwards.com | Trade | | | | $2,806,287.93 |
| 3 | Salesforce.com, Inc.<br>415 Mission St 3rd Floor<br>San Francisco, CA 94105 | Attn: Catherine Harsono<br>Phone: (800) 667-6389<br>Email: charsono@salesforce.com | Professional Services | | | | $2,590,575.42 |
| 4 | Brooklyn Cloth LLC<br>1385 Broadway Floor 16<br>New York, NY 10018 | Attn: Daron Jacob<br>Phone: (212) 221-4700<br>Email: daron@brooklyncloth.com | Trade | | | | $2,403,397.91 |
| 5 | UCrave Inc.<br>209 W 38th St Suite 1105<br>New York, NY 10018 | Attn: Vida Wang<br>Phone: (917) 291-0075<br>Email: vida@ucraveinc.com | Trade | | | | $1,766,467.88 |
| 6 | Alone Again Studio, LLC<br>1 Via Belorado<br>San Clemente, CA 92672 | Attn: Shawn Brown<br>Phone: (858) 336-5210<br>Email: shawn@aloneagainstudio.com | Trade | | | | $1,755,948.55 |
| 7 | MDM25 Apparel Inc.<br>1 California St<br>Hicksville, NY 11801 | Attn: Catherine Liu<br>Phone: (718) 249-9295<br>Email: catherine@dm12trading.com | Trade | | | | $1,751,330.21 |

---

[1]   This list has been prepared based upon the books and records of the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure.

| | | | | | | |
|---|---|---|---|---|---|---|
| 8 | Just Polly Inc.<br>525 7th Ave<br>New York, NY 10018 | Attn: Jamie Stuart<br>Phone: (901) 779-4885<br>Email: Jamie@justpollyinc.com | Trade | | | $1,632,166.56 |
| 9 | Merch Traffic, LLC<br>129 W 29th St<br>Floor 11<br>New York, NY 10001 | Attn: Tom Bennett<br>Phone: (917) 859-9024<br>Email: tombennett@merchtraffic.com | Trade | | | $1,530,950.93 |
| 10 | FedEx Billing Online<br>FedEx P.O. Box 371461<br>Pittsburgh, PA 15250 | Attn: Monica Fronzaglio<br>Phone: (800) 463-3339<br>Email: monica.fronzaglio@fedex.com | Trade | | | $1,320,175.60 |
| 11 | Cushman & Wakefield Solutions, LLC<br>128 N. First St<br>Colwich, KS 67030 | Attn: Elizabeth Cocuzza<br>Phone: (919) 789-4255<br>Email: elizabeth.cocuzza@cushwake.com | Professional Services | | | $1,123,810.86 |
| 12 | Sweet Apparel Inc.<br>1410 Broadway<br>New York, NY 10018 | Attn: Joseph Hamra<br>Phone: (347) 370-2093<br>Email: yossi818@yahoo.com | Trade | | | $884,569.43 |
| 13 | Hold This, Inc. dba Goodie Two Sleeves<br>9400 Lurline Ave Suite C<br>Chatsworth, CA 91311 | Attn: Jason Hallock<br>Phone: (310) 502-0251<br>Email: jason@goodietwosleeves.com | Trade | | | $840,761.37 |
| 14 | Frontstreet Facility Solutions, Inc.<br>4170 Veterans Memorial Hwy<br>Bohemia, NY 11716 | Attn: Skip Warner<br>Phone: (631) 750-4000<br>Email: swarner@frontstreetfs.com | Professional Services | | | $839,653.68 |
| 15 | Saramax Apparel, Inc.<br>1410 Broadway Floor 4<br>New York, NY 10018 | Attn: Eddie Betesh<br>Phone: (718) 913-9990<br>Email: ebetesh@saramax.com | Trade | | | $760,972.24 |
| 16 | First Insight, Inc.<br>2000 Ericsson Dr Suite 200<br>Warrendale, PA 15086 | Attn: Bob Culhane<br>Phone: (724) 759-7141<br>Email: bob.culhane@firstinsight.com | Trade | | | $720,158.51 |
| 17 | Gneiss, LLC<br>450 Barell Ave<br>Carlstadt, NJ 07072 | Attn: Mike Jeong<br>Phone: (201) 496-6212<br>Email: mikej@rebelmindsus.com | Trade | | | $602,623.54 |
| 18 | Aptos, LLC<br>11175 Cicero Dr Suite 650<br>Alpharetta, GA | Alfred Lapointe<br>Phone: (440) 622-7339<br>Email: alfred.lapointe@aptos.com | Professional Services | | | $595,453.88 |
| 19 | Nite Fox LLC<br>9211 Dale Ln Ct<br>White Settlement, TX 76108 | Attn: Michael Cohen<br>Phone: (817) 932-1300<br>Email: Michael@cocobrands.com | Trade | | | $595,147.66 |
| 20 | Bravado International Group Merchandising Services, Inc.<br>1755 Broadway 2nd Floor<br>New York, NY 10019 | Attn: Karin Kerns<br>Phone: (856) 432-3700<br>Email: Karin.Kerns@umusic.com | Trade | | | $482,333.52 |
| 21 | Ven Bridge (HK) Co.<br>Duhui Rd Shan Ghai<br>BLDG #90 NO. 2338<br>Shanghai, China CandyDong | Attn: Sean Gogarty<br>Phone:(415) 265-2537<br>Email: spgtextiles@gmail.com | Trade | | | $457,979.30 |
| 22 | Icer Basketball LLC<br>1385 Broadway Floor 16<br>New York, NY 10018 | Attn: Daron Jacob<br>Phone: (212) 221-4700<br>Email: daron@brooklyncloth.com | Trade | | | $441,220.72 |
| 23 | TSC Miami<br>16085 NW 52nd Ave<br>Miami Gardens, FL 33014 | Attn: Steven Nadler<br>Phone: (305) 622-6760<br>Email: Steven@mlgbrands.com | Trade | | | $437,431.34 |

| 24 | A&G Realty Partners LLC<br>445 Broadhollow Rd Suite 410<br>Melville, NY 11747 | Attn: Jon Graub<br>Phone: (267) 228-7808<br>Email: jon@agrep.com | Professional Services | | | | $434,686.01 |
|----|---|---|---|---|---|---|---|
| 25 | DTiQ Services Inc.<br>111 Speen St Suite 550<br>Framingham, MA 01701 | Attn: John Donnelly III<br>Phone: (800) 933-8388<br>Email: jdonnelly@dtiq.com | Trade | | | | $433,027.85 |
| 26 | Bioworld Merchandising, Inc.<br>1159 Cottonwood Ln<br>Irving, TX 75038 | Attn: Julie Kramer<br>Phone: +1 972-488-0655<br>Email: juliek@bioworldmerch.com | Trade | | | | $412,973.92 |
| 27 | C-Life Group, Ltd.<br>1385 Broadway Suite 300<br>New York, NY 10018 | Attn: Hymie Shamah<br>Phone: (917) 679-6180<br>Email: hymie.shamah@c-lifegroup.com | Trade | | | | $408,695.31 |
| 28 | People Look Inc.<br>20 Enterprise Ave N<br>Seacaucus, NJ 07094 | Attn: Kathy Cho<br>Phone: +1 347-834-1723<br>Email: kathyc@igbenterprises-usa.com | Trade | | | | $396,729.57 |
| 29 | Sandy Alexander Inc.<br>200 Entin Road<br>Clifton, NJ 07014 | Attn: Michael Moskowitz<br>Phone: (973) 470-8100<br>Email: mm@sandyinc.com | Professional Services | | | | $381,233.62 |
| 30 | OK Originals Ltd.<br>389 5th Ave Suite 800<br>New York, NY 10016 | Attn: Peter Kaplan<br>Phone: (212) 683-3554<br>Email: pkaplan@okoriginals.com | Trade | | | | $350,082.24 |

**OMNIBUS WRITTEN CONSENT OF**
**THE APPROVING PARTY**
**OF**
**EACH COMPANY LISTED BELOW**

May 1, 2024

The undersigned, being (a) each or a majority of the members of the board of directors, or (b) the sole member, as applicable (in each case, an "Approving Party") of

|      |                              |
|------|------------------------------|
| (i)  | New rue21 Holdco, Inc.       |
| (ii) | New rue21 Intermediate, Inc. |
| (iii)| New rue21, LLC               |
| (iv) | New RSC, LLC                 |
| (v)  | r services llc               |

(each such entity, a "Company" and, collectively, the "Companies") do hereby consent to, adopt and approve, ratify, and confirm by unanimous written consent, in each case pursuant to and in accordance with (a) the provisions of such Company's (i) articles of incorporation or certificate of formation, as applicable, (ii) bylaws, limited liability company agreement, or constitution, as applicable, and (iii) other organizational documents, as applicable, and (b) the Limited Liability Company Act of the State of Delaware, the General Corporation Law of the State of Delaware, the Virginia Limited Liability Company Act, and any other applicable law, the following resolutions and authorize the taking of all actions contemplated hereby:

**WHEREAS**, the Approving Party of each Company has reviewed and considered the financial and operational condition of each Company and each Company's business on the date hereof, including the historical performance of each Company, the assets of each Company, the current and long-term liabilities of each Company, the market for each Company's assets, credit market conditions, and macroeconomic conditions impacting each Company;

**WHEREAS**, as a result of the financial condition of the Companies, the Companies engaged counsel and financial advisors to provide advice to the Approving Party of each Company regarding its obligations to its creditors, equity holders, employees, and other interested parties;

**WHEREAS**, the Approving Party of each Company has had the opportunity to consult with senior management of the Companies and the Companies' legal, financial, and other advisors and fully consider the strategic alternatives available to the Companies;

**WHEREAS**, the Approving Party of each Company has received, reviewed, and considered the recommendations of the senior management of each Company and each Company's legal and financial advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and has determined that, in its judgment, it is advisable and in the best interests of the applicable Company, its creditors, equity holders, employees, and other

interested parties that such Company voluntarily files petitions (the "<u>Petitions</u>" and, such cases, the "<u>Bankruptcy Cases</u>") for relief under the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

**<u>Commencement and Prosecution of Each Bankruptcy Case</u>**

**RESOLVED**, that, in the judgment of the Approving Party of each Company, it is desirable and in the best interests of each Company, its creditors, stockholders, employees, and other interested parties that the Petitions be filed by each Company in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") commencing the Bankruptcy Cases under the Bankruptcy Code; and it is further

**RESOLVED**, that the filing of each Petition on behalf of each Company be, and the same hereby is, approved, authorized, and adopted in all respects and each Company's chief executive officer, chief financial officer, and general counsel (each of the foregoing, individually, an "<u>Authorized Officer</u>" and together, the "<u>Authorized Officers</u>"), be, and they hereby are, authorized and empowered on behalf of each Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time and in such form as any of the Authorized Officers may determine (which approval and authorization thereof shall be conclusively evidenced by the filing of each Petition with the Bankruptcy Court); and it is further

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized to (a) execute and file each Petition for each Company, along with all schedules of assets and liabilities, statements of financial affairs, lists, motions, applications, pleadings, declarations and other papers that any of the Authorized Officers may determine necessary or proper in connection with such Bankruptcy Case, (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with each Petition and to administer each Bankruptcy Case in such form or forms as any of the Authorized Officers may determine necessary or proper and in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts, as any of the Authorized Officers determine necessary or proper to accomplish the purposes of the resolutions, with any such determinations being conclusively evidenced by the executing, filing, acknowledging, delivering, verifying, or engaging thereof by any such Authorized Officer); and it is further

**<u>Retention of Professionals</u>**

**RESOLVED**, that the law firm of Willkie Farr & Gallagher LLP ("<u>Willkie</u>"), located at 787 Seventh Avenue, New York, NY 10019, shall be, and hereby is, authorized, directed, and empowered to represent each Company as general bankruptcy counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights, including the preparation of pleadings and filings in each Company's Bankruptcy Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby are, authorized, directed and empowered, on

behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of each Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Willkie; and it is further

> **RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), located at 1000 North King Street, Wilmington, DE 19801, shall be, and hereby is, authorized, directed and empowered to represent each Company as Delaware bankruptcy counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby are, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of each Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

> **RESOLVED**, that Riveron Consulting LLC ("Riveron"), located at 461 5th Avenue, 12th floor, New York, NY 10017, shall be, and hereby is, authorized, directed, and empowered to represent each Company as restructuring advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Authorized Officers be, and, acting alone or in any combination, hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of Riveron; and it is further

> **RESOLVED**, that Kroll Restructuring Administration LLC ("Kroll") and together with Willkie, Young Conaway, and Riveron, the "Advisors"), located at 55 East 52nd Street, 17th Floor, New York, NY 10055, shall be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with each Bankruptcy Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby are, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of each Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is further

> **RESOLVED**, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advance each Company's rights and obligations and facilitate each Bankruptcy Case; and it is further

> **RESOLVED**, that each Authorized Officer shall be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of each Company, to employ any other individual or firm as professionals, consultants, financial advisors, or investment bankers to each Company as is deemed necessary to represent and assist each Company in carrying out its duties

under the Bankruptcy Code, and, in connection therewith, each Authorized Officer shall be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of each Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application or motion for authority to retain the services of such individual or firms; and it is further

### Cash Collateral and Sale Process

**RESOLVED**, that, in connection with the Bankruptcy Case, the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name and on behalf of the Company, as a debtor and debtor in possession, to (a) negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Bankruptcy Case on terms substantially similar to those described or provided to the Board; (b) pledge and grant liens on the Company's assets as may be contemplated by or required under the terms of such cash collateral use; or (c) execute, deliver, verify, and/or file, or cause to be filed and/or executed, delivered, or verified, and to amend, supplement, or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, postpetition financing documents, and loan agreements (including any ancillary documents thereto) in such form as the Authorized Officers may approve, and to take any and all actions that the Authorized Officers determine advisable, necessary, or appropriate in connection with any postpetition cash collateral usage contemplated hereby or thereby (such approval and the approval of the Board to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Officer); and it is further

**RESOLVED**, that in connection with the Bankruptcy Case, the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of the Company, to commence a bidding and sale process for the Company's assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code or otherwise; and it is further

**RESOLVED**, that each of the Authorized Officers is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) to be deemed conclusive evidence of the approval by the applicable Company of the terms, provisions and conditions thereof; and it is further

**RESOLVED**, that any and all past actions heretofore lawfully taken by any Authorized Officer, or any other officers, directors, members or any authorized persons acting under similar authority, as the case may be, of the applicable Company, or the Approving Party, in the name and on behalf of the applicable Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

**General Resolutions**

**RESOLVED,** that the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name and on behalf of each Company, as a debtor and debtor in possession, to negotiate, execute, deliver, and perform on behalf of each Company such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices, and any and all other documents, and to amend, supplement or otherwise modify from time to time agreements, certificates, instruments, guaranties, notices, and all other documents, including, without limitation, affidavits, schedules, motions, pleadings and other documents, agreements and papers, in such form as an Authorized Officer may approve, and to take any and all actions that an Authorized Officer determine advisable, necessary or appropriate in connection with the Bankruptcy Cases or as the Authorized Officers may deem necessary or proper to facilitate the transactions contemplated by these resolutions (such approval and the approval of each Company to be conclusively evidenced by the execution thereof or taking of such action by an Authorized Officer); and it is further

**RESOLVED**, that the Authorized Officers be, and each of them hereby are, authorized, empowered and directed to pay all qualification, filing, legal and other expenses incurred in connection with any of the foregoing resolutions; and it is further

**RESOLVED**, that all acts done or actions taken prior to the date hereof by the Authorized Officers or any professionals engaged by each Company with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with each Bankruptcy Case, or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, approved, authorized ratified, and confirmed in all respects as the acts and deeds of each Company.

[Signature Page Follows]

**IN WITNESS WHEREOF**, the undersigned have hereunto set their names as of the date first above written.

**BOARD OF DIRECTORS OF**
**NEW RUE21 INTERMEDIATE, INC.**

By: _Joshua Burris_ _____
DocuSigned by:
7C169FE1E7E04A7...
Joshua Burris

By: _____
Michele Pascoe

**IN WITNESS WHEREOF**, the undersigned have hereunto set their names as of the date first above written.

BOARD OF DIRECTORS OF
NEW RUE21 INTERMEDIATE, INC.


By: _____
Joshua Burris


By: _____
Michele Pascoe

DocuSign Envelope ID: 00DF6C5C-776B-4BBF-92FB-7237A12528C6

**IN WITNESS WHEREOF**, the undersigned have hereunto set their names as of the date first above written.

**BOARD OF DIRECTORS OF
NEW RUE21 HOLDCO, INC.**

By: _Joshua Burris_
  7C169FE1E7E04A7...
  Joshua Burris

By: _____
  Michele Pascoe

DocuSign Envelope ID: DF7DB138-9778-4C87-86F0-469C8AFB319F

**IN WITNESS WHEREOF**, the undersigned have hereunto set their names as of the date first above written.

**BOARD OF DIRECTORS OF
NEW RUE21 HOLDCO, INC.**

By: _____
    Joshua Burris

By: _____
    Michele Pascoe

DocuSign Envelope ID: DF7DB138-8778-4C87-86E0-469C8AFB3196

**IN WITNESS WHEREOF**, the undersigned have hereunto set their names as of the date first above written.

> **NEW RUE21 HOLDCO, INC.,**
> **the sole member of New rue21, LLC**
>
> By: _Michele Pascoe_ _____
> Michele Pascoe

**IN WITNESS WHEREOF**, the undersigned have hereunto set their names as of the date first above written.

NEW RUE21, LLC,
the sole member of New RSC, LLC

By: Michele Pascoe
8CE2559C96B240E...

Michele Pascoe

**IN WITNESS WHEREOF**, the undersigned have hereunto set their names as of the date first above written.

                                          **NEW RUE21, LLC**
                                          **the sole member of r services llc**

By: _____

Michele Pascoe

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEW RUE21 HOLDCO, INC., *et al.*,[1] | Case No. 24-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP
STATEMENT AND LIST OF EQUITY INTEREST
<u>HOLDERS PURSUANT TO FED R. BANKR. P. 1007(A)(1), 1007(A)(3), AND 7007.1</u>**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the debtors and debtors in possession in the above-captioned cases (the "<u>Debtors</u>"), to the best of their knowledge, information, and belief, hereby state as follows:

1.    New rue21 Intermediate, Inc. is a wholly owned subsidiary of r21 Holdings, Inc. New rue21 Holdco, Inc. is a wholly owned subsidiary of New rue21 Intermediate, Inc.  New rue21, LLC is a wholly owned subsidiary of New rue21 Holdco, Inc.  New RSC, LLC and r services llc are wholly owned subsidiaries of New rue21, LLC.

2.    Affiliates of Blue Torch Finance, LLC and Nut Tree Master Fund, LP each directly or indirectly own 10% or more of the equity interests in the Debtors in the aggregate.

3.    A list of the Debtors' equity interest holders and the nature of their equity interests is attached hereto as **<u>Exhibit A</u>**.[2]

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, are New rue21 Holdco, Inc. (4668), r21 Holdings, Inc. (1618), New rue21 Intermediate, Inc. (9166), New rue21, LLC (4521), New RSC, LLC (4690), and r services llc (9425).  The Debtors' headquarters is located at 800 Commonwealth Drive, Warrendale, PA 15086.

[2]    As of February 29, 2024.

## Exhibit A

**List of the Debtors' Equity Interest Holders**

| Name & Address | Number | Percentage (Total Classes) |
|---|---|---|
| **Class A, B, C Common Stock** | | |
| Blue Torch Finance, LLC<br>150 East 58th Street, 39th Floor<br>New York, NY 10155 | 9,566,375 | 78.61% |
| Nut Tree Master Fund, LP<br>55 Hudson Yards, 22nd Floor<br>New York, NY 10001 | 2,593,006 | 21.30% |
| Pentwater Capital Management LP<br>LMA, PWCM, OCEANA<br>1001 10th Avenue South, Suite 216<br>Naples, FL 34102 | 8,378 | <1.00% |
| Nomura Corporate Research and Asset Management Inc.<br>309 West 49th Street<br>New York, NY 10019 | 937 | <1.00% |
| Merchant Business Credit Inc.<br>1441 Broadway, 22nd Floor<br>New York, NY 10018 | 515 | <1.00% |
| Cantor Fitzgerald & Co.<br>110 East 59th Street<br>New York, NY 10022 | 15 | <1.00% |
| Silver Point Capital, L.P.<br>Two Greenwich Plaza<br>Greenwich, CT 06830 | 14 | <1.00% |
| Voya Investment Management Co. LLC<br>7337 East Doubletree Ranch Road, Suite 100<br>Scottsdale, AZ 85258 | 10 | <1.00% |
| Warberg WF XI LP<br>716 Oak Street<br>Winnetka, IL 60093 | 10 | <1.00% |
| JP Morgan Chase Funding, Inc.<br>270 Park Avenue<br>New York, NY 10017 | 7 | <1.00% |
| Stone Hill Capital Management, LLC<br>885 3rd Avenue #3010<br>New York, NY 10022 | 7 | <1.00% |

| | | |
|---|---|---|
| Octagon Credit Investors LLC<br>250 Park Avenue, 15th Floor<br>New York, NY 10177 | 3 | <1.00% |
| Cermak Road LLC<br>9 West 57th Street, 31st Floor<br>New York, NY 10019 | 2 | <1.00% |
| Wolverine Asset Management, LLC<br>175 West Jackson Blvd #200<br>Chicago, IL 60604 | 2 | <1.00% |
| Employees Retirement System TX<br>2000 E 18th Street<br>Austin, TX 78701 | 1 | <1.00% |
| Empyrean Investments LLC<br>10250 Constellation Blvd, Suite 2950<br>Los Angeles, CA 90067 | 1 | <1.00% |
| Hutchin Hill Capital (Cherry Valley)<br>888 7th Avenue, 22nd Floor<br>New York, NY 10106 | 1 | <1.00% |
| Merrill Lynch Pierce Fenner & Smith<br>230 Vesey Street<br>New York, NY 10080 | 1 | <1.00% |
| Robert Brous<br>[ADDRESS ON FILE] | 1 | <1.00% |
| Robert Corliss<br>[ADDRESS ON FILE] | 1 | <1.00% |
| Scarsdale Capital LLC<br>2001 Wilshire Blvd, Suite 302<br>Santa Monica, CA 90403 | 1 | <1.00% |
| Stifel Nicolaus & Company Inc.<br>501 N. Broadway<br>St. Louis, MO 63102 | 1 | <1.00% |
| Accord Financial, Inc.<br>75 Beattie Place, Suite 910<br>Greenville, SC 29601 | 1 | <1.00% |

| | | |
|---|:---:|:---:|
| Branch Banking & Trust Company D/B/A BB&T Commercial Finance<br>214 North Tyron Street<br>Charlotte, NC 28202 | 1 | <1.00% |
| Capital Business Credit<br>1155 Avenue of Americas, 15th Floor<br>New York, NY 10036 | 1 | <1.00% |
| Goldman Sachs & Co. LLC<br>200 West Street<br>New York, NY 10282 | 1 | <1.00% |
| Mark Edwards Apparel, Inc.<br>8480 Rue Jeanne-Mance<br>Montréal, QC H2P 1L5, Canada | 1 | <1.00% |
| Merchant Business Credit Inc.<br>1441 Broadway, 22nd Floor<br>New York, NY 10018 | 1 | <1.00% |
| New Commercial Capital Inc.<br>3530 Wilshire Blvd #380<br>Los Angeles, CA 90010 | 1 | <1.00% |
| The CIT Group Commercial Services Inc.<br>301 South Tyron Street<br>Charlotte, NC 28282 | 1 | <1.00% |
| Thread Collective, Inc.<br>5001 Rue Levy<br>Saint-Lauren, QC H4R 2N9, Canada | 1 | <1.00% |
| Tru Fragrance & Beauty LLC<br>350 5th Avenue #6100<br>New York, NY 10118 | 1 | <1.00% |
| White Oak Commercial Finance LLC<br>1155 Avenue of the Americas, 15th Floor<br>New York, NY 10036 | 1 | <1.00% |

**Fill in this information to identify the case:**

Debtor name     __New rue21, LLC__

United States Bankruptcy Court for the:     __DISTRICT OF DELAWARE__

Case number (if known)     __24-__

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒   Other document that requires a declaration    __Corporate Ownership Statement, List of Equity Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __05/02/2024__      X __/s/ Michele Pascoe__
                                                Signature of individual signing on behalf of debtor

                                                __Michele Pascoe__
                                                  Printed name

                                                __Interim Chief Executive Officer__
                                                  Position or relationship to debtor